**Presler JOSEPH, Petitioner,**

v.

**Bruce CHADBOURNE, Interim Field Office Director for Detention and Removal, Bureau of Immigration and Customs Enforcement, Respondent.**

No. 04–11922–NMG.

United States District Court,
D. Massachusetts.

Nov. 9, 2004.

---

**1.** This Court assumes, arguendo, that those activities satisfy prong one of the test.

Presler Joseph, North Dartmouth, MA, pro se.

## MEMORANDUM & ORDER

GORTON, District Judge.

This case involves a motion to appoint counsel to assist petitioner with a yet-to-be-filed habeas corpus petition pursuant to 28 U.S.C. § 2241.

### I. *Background*

#### A. *Facts*

Petitioner Presler Joseph ("Joseph") states that he is currently in I.C.E. (formerly I.N.S.) custody and that an immigration judge has ordered his removal to Haiti. However, petitioner contends that removal in the foreseeable future is unlikely because the Haitian government is unstable. Petitioner states that he has been "confined for a period far longer than the law mandates" but does not disclose precisely how long he has been in confinement. He does not contest his ultimate removal to Haiti but apparently rests his entire claim for habeas corpus relief on the theory that the government has waited too long to deport him.

Petitioner states that he cannot afford an attorney because he is currently not gainfully employed. He adds that while incarcerated in Rhode Island he paid a lawyer $4,000 to prosecute an appeal that went nowhere and that he had a different immigration lawyer who failed or refused to apply for a waiver or file a petition for him. Finally, petitioner reports that he wrote to "most" of the free legal service

providers named on a list given to him by the Court but that they have not replied.

Petitioner argues that he needs an attorney to assist him in preparing his habeas petition because 1) he is likely to succeed on the merits, 2) the legal issues involved in the case are complex and 3) in light of that complexity, he is unable to present the petition adequately without the assistance of an attorney.

### B. *Filings*

On September 2, 2004, petitioner filed a civil cover sheet. In the section provided for the description of the cause of action, petitioner wrote "Petition for a writ of habeus [sic] corpus pursuant to 28 U.S.C. s2241. Petitioner is detained by Bureau of Immigration & customs enforcement." The submission is entirely devoid of any factual allegations supporting his habeas claim and petitioner has failed to file any petition with the cover sheet.

■ On September 16, 2004, this Court issued a memorandum and order granting petitioner additional time to file a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The memorandum noted that the Federal Rules require an application for habeas relief to be in the form of a petition for habeas corpus and that the civil cover sheet does not replace the filings and service of pleadings or other papers. Petitioner was directed to file a habeas petition within 21 days of that order (i.e. on or before October 7, 2004) if he wished to proceed with the action.

On September 24, 2004, petitioner filed the instant motion for appointment of counsel and a supporting affidavit. On October 7, 2004, he filed a motion for extension of time for filing his habeas corpus petition, stating that would like the assistance of counsel and that he is waiting to receive other documents (such as the birth certificates of his daughter and sis-

ter) which he needs to attach to his petition.

On November 3, 2004, Respondent Bruce Chadbourne filed a Notice of Intent to Execute Removal Order. The notice states that respondent intends to execute the final order of removal against petitioner on or after November 29, 2004.

### II. *Discussion*

■ Section 1231 of Title 8 of the United States code provides that when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days from the later of 1) the date the order of removal becomes administratively final, 2) the date of a reviewing court's final order, if the court ordered a stay of removal, or 3) the date the alien is released from detention or confinement other than under an immigration process. The statute further provides that the removal period shall be extended and the alien may remain in detention if the alien "fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal." 8 U.S.C. § 1231(2). Here, petitioner has not stated when his removal order became final, how long he has been detained or whether he has been detained or confined other than under an immigration process.

This Court will not appoint an attorney for petitioner. He has failed to provide any facts upon which this Court could conclude that his habeas corpus claim is likely to be meritorious. Indeed, it seems that the government is cognizant of the removal order and intends to remove him in the near future. Furthermore, petitioner has made no attempt to demonstrate that he is without funds to obtain his own lawyer or that he has made a serious effort to obtain

legal advice from one of the free legal service providers available in the area. Indeed, petitioner has already utilized two attorneys in related matters. The interests of justice are not served by this Court's appointment of an attorney for petitioner under these circumstances.

■ Petitioner failed to meet the deadline imposed by this Court for the filing of his habeas petition. His motion for an extension of time will be denied. Petitioner filed the motion on the final day of this Court's deadline for filing his habeas petition and has offered no reason, much less a compelling reason, for failing to meet the deadline.

Because petitioner has not filed a petition for habeas corpus, this case will be closed.

### ORDER

Based upon the foregoing memorandum:

1. Petitioner's Motion for Appointment of Counsel Pursuant [sic] 18 U.S.C. § 3006 A (Docket No. 3) is DENIED;

2. Petitioner's Motion for Extention [sic] for Filing Habeas Corpus (Docket No. 5) is DENIED; and

3. The case is CLOSED.

**So ordered.**